Vernie CHEATWOOD, Plaintiff in Error,

v.

J. A. McEVOY, Defendant in Error.

No. 35992.

Supreme Court of Oklahoma.

May 24, 1955.

Rehearing Denied Sept. 13, 1955.

Little & Hoyt, Oklahoma City, for plaintiff in error.

Nagle & Spencer, Foster & Bowen, Oklahoma City, for defendant in error.

PER CURIAM.

The plaintiff sued the defendant to cancel an assignment of an interest in an oil and gas lease.

In petition the plaintiff alleged a state of facts, in substance, charging the defendant with fraud in the procurement of an instrument of conveyance of the leasehold interest from the plaintiff.

The defendant by answer and cross-petition made denial of any fraud on the part of the defendant, and charged the plaintiff with fraudulent acts, whereby the defendant has been deprived of any benefit of a valid conveyance of leasehold interest by the plaintiff to the defendant, and whereby the plaintiff has received an assignment of certain royalty interest from the defendant. The defendant prayed judgment against the plaintiff in the amount of the value of the said leasehold interest and for the cancellation of the aforesaid assignment of royalty interest.

Trial resulted in judgment for the plaintiff for cancellation of the assignment of interest in the oil and gas lease, and that plaintiff's title in the leasehold estate involved be quieted as against the defendant, and that the defendant take nothing under his cross-petition.

In appeal the defendant contends the judgment is against the clear weight of the evidence.

The record reflects that the plaintiff testified to a state of facts in accord with

the allegations of his pleading, and presented some corroborative testimony and evidence, and that the defendant testified to a state of facts in accord with the allegations of his pleading and presented some corroborative testimony and evidence. Without doubt, the trial court before whom the witnesses testified is the better judge of the credibility of the witnesses, and of the weight to be given their testimony than this court, limited to a perusal of the record of the testimony.

In a consideration of the whole record we find the judgment is not against the weight of the evidence.

The judgment is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, ARNOLD, HALLEY, BLACKBIRD and JACKSON, JJ., concur.